# United States District Court
## Northern District of Indiana

| | | |
|---|---|---|
| FREDDIE TOWNSLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:07-CV-301 JVB |
| | ) | |
| WILLIAM WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner Freddie Townsley, a pro se prisoner, filed this habeas corpus petition challenging the Westville Disciplinary Hearing Board's (DHB) decision of March 6, 2007, depriving him of 250 days of earned credit time and demoting him in credit class. The DHB convicted him of battery upon a person with a weapon causing serious injury, a Class A, code 102 violation. (Petition for Writ of Habeas Corpus, DE 1). The Respondent has complied with the order to show cause (DE 8) and submitted a supporting memorandum (DE 9). Despite the fact that Respondent notified Petitioner that if he failed to traverse Respondent's response to the order to show cause, the allegations in the response would be taken as true, Petitioner has not filed a traverse. Because the time to file a traverse has passed, this case is ripe for ruling.

The conduct report filed against the Petitioner charged that another prisoner sustained serious injuries after several prisoners, including Petitioner, placed him in a laundry cart, then intentionally ran the cart into walls and doors. (Exhibit A, DE 9-2 at 1). The investigative report disclosed that an unidentified witness alleged Petitioner was playing around with the empty cart. Two other prisoners, known as "Lips" and "Pit-Bull," began "jumping in and out of the cart crashing it into the wall and doors" of the unit. According to the report, the witness said that the injured prisoner was forced into the cart. Petitioner told the investigator that a prisoner called

"Taz" suggested "getting" a cho-mo (child molester), implying that this was the reason for putting the victim into the cart. Petitioner told the investigating officer that Lips and Pit Bull pushed the cart, but denied pushing the cart himself while the victim was in it. Petitioner stated that one of the perpetrators was already in detention. After the victim got hurt, one suspect claimed that Petitioner acknowledged someone would take the blame but swore he would not be the one. The investigator noted Petitioner "became very upset" when he heard the allegations about himself. Petitioner feared the information he provided to the investigator would be used against him. (DE 9-2 at 2).

At the disciplinary hearing Petitioner continued to deny his guilt stating:

> I was playing with the cart yes. But I did not put him in there. I did not touch it while he was in there. We were doing it to other offenders yes but not the guy that got hurt. I was there when all this happened . But I didn't touch him.

(Exhibit C, DE 9-4).

Petitioner raises two claims in the petition. First he argues that he was denied due process because there was insufficient evidence to support the DHB's determination of his guilt. Second, in a variation of the first claim, Petitioner contends he could not effectively defend himself because he did not receive the substance of the confidential informant's statement. (DE 1 at 5-6).

Petitioner has a liberty interest in earned good time and before it can be taken away for misconduct he is entitled to basic procedural protections. These minimal due process requirements are met by: (1) prior written notice of the charges; (2) an opportunity to present evidence; (3) an impartial decision maker; (4) a written statement of the evidence supporting the disciplinary action and the reasons for it; and (5) "some evidence in the record" to support the finding of guilt. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).

Petitioner claims that the evidence against him was insufficient partly because it rested

upon statements from unidentified persons whose reliability was not established. Petitioner

expressly alleges the evidence rests upon "the naked allegations of confidential informants whose

credibility is unknown." Further, he alleges that nothing indicates how the investigator

"determined the informants were reliable or their information credible." (DE 1 at 5).

When a prison disciplinary body relies on confidential information in a disciplinary

hearing, the record must contain some indication that the information is reliable. *See, e.g., Wells*

*v. Israel*, 854 F.2d 995, 998–99 (7th Cir.1988).

> *Wells* establishes four alternatives to prove confidential information is reliable in a
> C.A.B. hearing. These options are: (1) the oath of the investigating officer as to the
> truth of his report containing confidential information and his appearance before the
> Disciplinary Committee; (2) corroborating testimony; (3) a statement on the record
> by the chairman of the Disciplinary Committee that "he had first hand knowledge of
> the sources of the information and considered them reliable on the basis of their past
> record of reliability", or (4) in camera review of material documenting the
> investigator's assessment of the credibility of the confidential information.

*Smith v Farley*, 858 F. Supp. 806, 811 (N.D. Ind.1993) (citations omitted).

In his disciplinary hearing appeal, Petitioner did not clearly raise the issue of the

reliability of the confidential information that the DHB considered. The principles of exhaustion

of available state remedies and procedural default apply to prison disciplinary hearings. *Markham*

*v. Clark*, 978 F.2d 993. 995 (7th Cir.1992). Failure to raise an issue on appeal to the final

reviewing authority is a waiver of that claim. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir.2002).

However, Petitioner does state no one in the investigation said he pushed the cart with anyone in

it. (DE  9-6 at 1). The court has reviewed the entire record in this matter, including the

confidential report of investigation. The record reveals an adequate basis to determine that the

information identifying Petitioner as a perpetrator was reliable because other evidence

corroborated it. Accordingly, this claim has no merit.

As for Petitioner's substantive challenge to the sufficiency of the evidence against him, the Court notes that the Disciplinary Hearing Report ("DHR") indicated that the DHB considered staff reports, Petitioner's statement, and "physical evidence," namely "statements + pictures I.A. office." (DE 9-4). In his disciplinary appeal Petitioner maintained the investigative report shows only that the cart was empty when he was pushing it. (Exhibit E1-4, DE 9-6 at 1). But this claim ignores the fact that the investigation summary noted that Petitioner was "clearly identified as one of the assailants."

In *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), the United States Court of Appeals for the Seventh Circuit explained:

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*Id.*, at 786 (quotations marks and citation omitted).

"Some evidence" is a lenient standard, requiring only that the record not be so devoid of evidence that the decision is arbitrary or without support. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). The confidential information identifying Petitioner as one of the prisoners who pushed the victim is enough to uphold the DHB's determination of his guilt.

The second claim Petitioner presents is that he was denied "the substance of the statements by the confidential informant." In the disciplinary appeal Petitioner asserted that he had a statement "directly from the victim" that Petitioner did not push the cart with the victim in

it. He also points out that information he provided during the investigation resulted in Lips and Pit-Bull being charged with battery. (DE 1 at 5). He asserts that neither the victim's statement nor other evidence pertaining to his investigation was presented at the disciplinary hearing. (DE 9-6 at 2).

Prisoners have a conditional right to access and present documentary evidence and testimony, but this right extends only to documentary evidence that is exculpatory. *Piggie v. McBride*, 277 F.3d 922, 924-5 (7th Cir.2002); *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir.1992). If the evidence or testimony compromises "institutional safety or correctional goals," the right to access and present such documentary evidence or testimony may be limited without contravening constitutional due process. *See Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002) (*per curiam*); *See also Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir.1995) ("A prison disciplinary board may rely on the testimony of confidential informants, and it may keep their identities (and information relating to their identities) secret, because 'revealing the names of informants ... could lead to the death or serious injury of ... the informants.'") (quoting *Mendoza v. Miller*, 779 F.2d 1287, 1293 (7th Cir.1985)).

The investigative report summary advised that Petitioner was "clearly identified as one of the assailants." Also, the DHB reviewed the statements and other evidence gathered during the investigation. The DHB was not required to disclose the file to Petitioner. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (stating that there is no denial of opportunity to review and present evidence where the Conduct Adjustment Board reviewed the evidence in question as part of case file). Moreover, the screening report shows Petitioner did not request any witnesses. Although the box to request physical evidence is checked, the only description of the

desired evidence is "yes." At the hearing Petitioner did not object to the absence of witness statements or request a continuance. Nor does Petitioner claim that he did not have the opportunity to apprise the DHB that the victim denied Petitioner was involved in the offense.

The hearing did not deprive Petitioner of due process and the evidence was sufficient to support the DHB's determination of his guilt.

Therefore, the Court **DENIES** the habeas corpus petition.

**SO ORDERED** on December 22, 2008.

  s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division
